**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

|  |  |  |
|---|---|---|
| | ) | |
| In re:   Wanda Harding Staker, | ) | Case No: 24-10444-BFK |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO MODIFY CHAPTER
13 PLAN AND REQUEST FOR A CONTINUED HEARING**

Wanda Harding Staker (the "Debtor"), appearing by counsel, answers the Trustee's

Motion to Modify Chapter 13 Plan, as follows:

**I. Insurance Proceeds Are Not Property of the Bankruptcy Estate**

The Trustee's Motion asserts that the Debtor's receipt of life insurance proceeds from USAA and Beneficial Life constitutes property of the bankruptcy estate under 11 U.S.C. §1306(a), as interpreted by *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013). However, this interpretation is inapplicable here because the insurance funds in question never became property of the estate.

**II. The Insurance Proceeds Are Exempt Property Under Rule 4003**

Pursuant to Federal Rule of Bankruptcy Procedure 4003(a), a debtor must list property claimed as exempt under §522 on Schedule C. The Debtor duly claimed the life insurance proceeds as

Martin C. Conway (VSB No. 34334)
Conway Law Group, PC
1320 Central Park Blvd, 200
Fredericksburg, VA 22401
855-848-3011
571-285-3334 (facsimile)

exempt property under §522(d)(11)(C) and (E), which specifically protect compensation derived from life insurance for a dependent's support.

Under Rule 4003(b)(1), objections to exemptions must be filed within 30 days after the conclusion of the §341 meeting of creditors or 30 days after any amendment to the exemption list. The Trustee did not timely object to the Debtor's exemption claim. As a result, the exemption is final and binding, even if it was arguably improper, under *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

Accordingly, because the life insurance proceeds were properly listed and exempted and no timely objection was filed, these funds are not available for distribution to unsecured creditors under the Plan.

### III. Status of Life Insurance Proceeds and Expenditures

The Debtor acknowledges receipt of $56,250.00 from USAA Life Insurance Company and states that a portion of those funds was used for necessary and reasonable expenses, including funeral expenses for Kevin Staker, outstanding medical bills, and HVAC repairs to the Debtor's residence. After those disbursements, the Debtor retains approximately $20,000 in remaining USAA funds.

The Debtor also confirms receipt of a Beneficial Life Insurance check in the amount of $44,952.63, which was received on or about October 21, 2025. As of the filing of this Response, none of the Beneficial funds have been spent. The Debtor has preserved both the remaining USAA funds and the entire Beneficial proceeds, and will not disburse, transfer, or spend any portion of these funds until after the continued hearing date or further order of this Court.

### IV. Updated Financial and Household Information

Ms. Staker met with the Social Security Administration to finalize survivor benefits and related income adjustments. She has also requested and is awaiting estimates for essential home repairs, including roof and structural repairs resulting from water intrusion and deck damage, which the insurance company has only agreed to cover approximately one-fifth of, minus a $500 deductible. Additional repairs to the deck doors, walls, and interior remain pending further evaluation.

The Debtor provides the following updates on her financial status:

- She will receive $2,653.00 in February for January Social Security survivor benefits.
- She continues to work at Walmart, earning approximately $1,950 per month, which is the maximum allowable income without reduction of her Social Security benefits.
- She receives $500 per month in rental income and has received no financial assistance from her sister since Mr. Staker's passing.
- Kevin Staker's pension remains pending and is expected to be processed within one to two months.

- Because her current annual earnings exceed the $23,400 Social Security threshold, she will not receive retroactive back pay but will begin regular payments in January.
- The Office of Personnel Management (OPMI) has begun reviewing related pension paperwork.

From counsel's assessment, these modest income changes do not warrant an increase in plan payments, particularly given the Debtor's limited and fixed income, her dependency on the forthcoming Social Security benefits, and the anticipated costs of critical home repairs. Until estimates for these repairs are finalized, the remaining insurance funds must be preserved to address those necessary expenses.

### V. Request for Continuance of Hearing Date

In addition, the Debtor respectfully requests that the hearing presently scheduled for October 23, 2025, be continued to November 20, 2025 at 1:30 p.m. pursuant to LBR 9013-1(J) to allow sufficient time for the Debtor and counsel to gather and present supporting documentation, including evidence regarding the timing and nature of the life insurance proceeds and exemption claim. This continuance is requested in the interest of due process and fair adjudication, and no party will be prejudiced by a short extension of the hearing date. The Debtor believes that additional time will aid in the efficient and complete resolution of the issues raised in the Trustee's Motion.

### VI. Relief Requested

For the foregoing reasons, the Debtor respectfully requests that this Court:

1. Continue the hearing on this matter to November 20, 2025 at 1:30 p.m. for the Court and parties to allow sufficient time to gather information;
2. Defer a ruling on the Motion to Modify;
3. Enter an Order requiring Debtor to maintain insurance funds until the continued hearing; and
4. Grant such further relief as the Court deems just and proper.

WANDA HARDING STAKER
BY COUNSEL

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
Conway Law Group, PC
1320 Central Park Blvd, 200
Fredericksburg, VA 22401
855-848-3011
571-285-3334 (facsimile)
*Counsel for the Debtors*

CERTIFICATE OF SERVICE

I certify that on October 22, 2025 a copy of the foregoing was filed electronically with the United States Bankruptcy Court for the Eastern District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF that have appeared in this case and mailed to the following parties:

Wanda Harding Staker
19 Wallace Farms Ln.
Fredericksburg, VA 22406
*Debtor*

Thomas P. Gorman
1414 Prince St., Ste. 202
Alexandria, VA 22314
*Chapter 13 Trustee*

/s/ Martin C. Conway
Martin C. Conway