**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

|  |  |  |
|---|---|---|
| | ) | |
| In re:   Wanda Harding Staker, | ) | Case No: 24-10444 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

## DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS WITH PREDJUDICE

### I. Introduction

Wanda Harding Staker, (the "Debtor"), by counsel, submits this Response to the Trustee's Motion to Dismiss with Prejudice. The Trustee's motion is rooted in the incorrect assumption that life insurance proceeds payable to the Debtor are property of the estate and available for distribution. This position is legally incorrect for three independent reasons: (1) the proceeds are exempt under controlling Virginia law and were properly claimed as such; (2) even aside from exemption, the proceeds are not estate property under relevant statutory authority; and (3) the Trustee has not established any substantial and unanticipated post-confirmation change in circumstances necessary to modify the confirmed Chapter 13 Plan.

### II. The Life Insurance Proceeds Are Fully Exempt Propery Under Virginia Law and Rule 4003

A.     Virginia Code § 38.2-3339 Provides an Absolute Exemption

Virginia law provides a unique and unusually broad exemption for group life insurance proceeds. Under Va. Code § 38.2-3339, the proceeds of a group life insurance policy are not subject to "attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied…to pay any debt or liability" of either the insured or the beneficiary, before or after

payment. This includes bankruptcy administration.

Debtor properly claimed the exemption on Schedule C. No objection was filed. Under settled law, the exemption is final.

B.      Trustee's Failure to Timely Object Is Dispositive Under *Taylor v. Freeland & Kronz*

Federal Rule of Bankruptcy Procedure 4003(b)(1) provides a strict 30-day deadline for objecting to claimed exemptions. The Supreme Court in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), held that a trustee's failure to object within that period renders the exemption final, even if the exemption is arguably improper.

The Trustee asks the Court to disregard *Taylor*, essentially reviving the dissent the Supreme Court rejected. There is no legal basis to do so.

Any assertions that the Trustee learned of the death or the anticipated proceeds on particular dates are irrelevant. Under *Taylor*, the only question is whether an objection was timely filed. It was not.

Therefore, the life insurance proceeds are exempt and unavailable for distribution, regardless of whether they constitute "estate property."

## III. Distinguishing *Goodman v. Gorman* and Why It Does Not Control Here

The Trustee has previously relied on *Goodman v. Gorman*, Case No. 1:15-cv-219 (E.D. Va. July 21, 2015), but that case is materially and fundamentally different from the present matter.

A.      *Goodman* Involved an Inheritance—Not Exempt Life-Insurance Proceeds

*Goodman* concerned a $36,000 inheritance, expressly included within property of the estate under § 541(a)(5). The debtor in *Goodman* asserted no exemption, and the District Court noted on page 1 that the issue was whether that inheritance could be captured for distribution.

Here, in contrast:

- The proceeds come from group life insurance policies, and

- Virginia Code § 38.2-3339 provides an absolute beneficiary-level exemption barring any legal or equitable process against those proceeds.

The Debtor properly claimed the exemption, and the Trustee failed to object—rendering the exemption final under *Taylor v. Freeland & Kronz*. Nothing in *Goodman* addressed exempt assets.

B.      *Goodman* Involved a Timely Modification Motion and No Exemption—Neither Is True Here

In *Goodman*, the Trustee promptly filed a § 1329 modification to capture the inheritance. The debtor sought to retain a portion but could not justify doing so. The District Court affirmed because: (1) the inheritance was non-exempt, (2) the debtor showed no need for the funds, and (3) the Trustee acted promptly.

Here, by contrast: (1) the Trustee did not timely object to the life-insurance exemption under Rule 4003, (2) the property is exempt under state law, and (3) the Debtor did not propose to keep non-exempt property.

C.      *Goodman* Allows Capture of Non-Exempt Estate Property—But Does Not Reach Exempt Assets

Pages 7–8 of *Goodman* reaffirm the rule in *Carroll v. Logan* that after-acquired, non-exempt inheritances can be captured via § 1329.

That principle does not extend to exempt life-insurance proceeds, especially where the exemption statute explicitly bars any legal process "before or after payment."

D.      *Goodman* Does Not Permit Overriding a Final Exemption

Nothing in *Goodman* suggests that a trustee may avoid the 30-day objection deadline under Rule 4003(b), that a court may unwind a final exemption under *Taylor*, or that § 1306 can recapture property that has been validly removed from the estate via exemption.

Because *Goodman* involved non-exempt inherited funds, it has no application to exempt group life-insurance proceeds protected by a comprehensive state-law exemption.

### IV. The Trustee's Allegation of Misrepresentation Is Legally and Factually Unsupported

The Trustee's Motion to Dismiss rests in part on the assertion that the Debtor misrepresented her access to life-insurance proceeds or improperly spent those proceeds without permission. This argument fails for multiple reasons.

A.      The Insurance Proceeds Were Never Property of the Estate

Under Virginia Code § 38.2-3339, the proceeds of a group life insurance policy are exempt from any legal or equitable process, before or after payment, and this protection extends to both the insured and the beneficiary. Once the Debtor properly claimed the exemption and the Trustee failed to timely object, the proceeds were not property of the estate. Because the proceeds were never estate property:

- The Debtor had no obligation to hold the funds in trust for the Trustee; and

- She had no duty to obtain the Trustee's permission before using them.

The Trustee's premise—that she was required to seek court or Trustee approval before spending them—is legally incorrect.

B.      The Debtor Used the Funds for Necessary, Reasonable, and Ordinary Post-Death Expenses

The Debtor used the proceeds for three categories of necessary expenses:

- Her husband's funeral costs;

- A $12,000 medical bill arising from his final illness; and

- A minor home repair totaling less than $1,000.

These are ordinary, foreseeable, and reasonable consequences of a spouse's death.

There is no allegation—and no evidence—of luxury spending, concealment, diversion of funds,

or any attempt to evade creditors. Even if the funds had been non-exempt (which they were not),

these are the exact types of necessary and reasonable expenditures that courts routinely

authorize.

C.      The Trustee's Timeline Does Not Establish Misrepresentation

The Trustee continued his motion multiple times while the Debtor awaited payment of the

proceeds. During this period:

- She did not yet know the exact amount she would receive;

- She did not know when she would receive it; and

- Her financial circumstances were in flux due to her husband's death and the loss of his
  Social Security benefit.

Nothing in this timeline supports the inference of intentional misrepresentation.

D.      Because the Funds Were Exempt, There Was No Duty to Disclose Their Expenditure

Once exempt, the proceeds belonged exclusively to the Debtor. She was under no legal duty

to:

- seek approval before spending them,

- consult the Trustee about their use, or

- preserve them for potential plan modification.

The Trustee's allegation presumes a legal duty that does not exist. A debtor cannot be sanctioned or dismissed for failing to comply with a non-existent obligation.

E.      There Is No Legal Basis for Dismissal With Prejudice

Dismissal with prejudice is reserved for egregious misconduct—fraud, intentional concealment, or abuse of the bankruptcy process. None of that is present here. The Debtor:

- fully disclosed the existence of the insurance policies;

- properly claimed the exemption;

- spent the exempt funds on reasonable and necessary expenses;

- suffered a permanent loss of household income due to her husband's death; and

- has been forthright throughout the case.

There is no statutory or factual basis to dismiss this case, let alone with prejudice.


**V. The Debtor did not suffer a substantial change in circumstances a substantial change in circumstances. Even Assuming Exemption Were Not Dispositive, the Proceeds Are Not Property of the Estate Under § 1306 or *Carroll v. Logan***

A.      *Carroll v. Logan* Is Distinguishable

The Trustee relies heavily on *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), to argue that insurance proceeds received post-petition automatically become property of the estate. But *Carroll* involved *inheritance*, not exempt life-insurance proceeds, and the debtor in *Carroll* had not claimed any applicable exemption.

Here, the proceeds arise under a group life insurance policy and are protected by Virginia statute. Even if *Carroll* brings certain after-acquired property into the estate, § 522 permits a debtor to exempt that property, and this Debtor did so.

### IV. No Substantial and Unanticipated Post-Confirmation Change Exists to Support Modification Under § 1329

The trustee may not modify the Chapter 13 plan implemented in this case because debtor did not suffer a substantial and unanticipated post-confirmation change in her financial condition. Under 11 U.S.C. §§ 1329(a)(l)-(2), a trustee is able to modify the confirmed plan for purposes such as "increasing or reducing the amount of payments or to extend or reduce the time for such payments." However, res judicata prevents modification unless there has been a substantial and unanticipated post-confirmation change in debtor's post-confirmation finances. Courts analyze the meaning of substantial and unanticipated objectively.

Courts must consider the debtor's current expenses and where any new income or proceeds are spent when determining whether a change in income is substantial. Courts determine unanticipated circumstances with a clear test, examining "whether a debtor's altered financial circumstances could have been reasonably anticipated at the time of confirmation by the parties seeking modification." *In Re Arnold*, 869 F.2d 240,243 (4th Cir. 1989).

In summary, to modify a confirmed plan, the Trustee must show:

1. a *substantial* change, and

2. an *unanticipated* change.

*In re Arnold*, 869 F.2d 240, 243 (4th Cir. 1989).

A.     The Change Was Unanticipated but Not Substantial

While Mr. Staker's death was unexpected, the mere receipt of insurance proceeds does not automatically constitute a substantial improvement in Debtor's financial condition.

The Debtor's expenditures from the proceeds were for *necessary* expenses:

- funeral costs,

- medical bills, and

- essential HVAC repair.

She has not engaged in discretionary or luxury spending of the type that triggered modification in *Arnold* (where the debtor spent over $120,000 on home improvements and personal goods).

B.      Debtor's Financial Condition Has Not Materially Improved

Debtor continues to face ongoing expenses and upcoming repairs, and her income has not significantly increased. She has preserved the remaining proceeds and stands ready to provide updated information.

The Trustee offers no evidence that Debtor's financial condition has materially improved.

C.      Res Judicata Bars Modification Absent Substantial Change

A confirmed plan is binding under § 1327. Modification is the exception, not the rule. Because the Trustee has not met the *Arnold* standard, res judicata applies.

## V. Updated Financial Information

Ms. Staker met with the Social Security Administration to finalize survivor benefits and related income adjustments. She has also requested and is awaiting estimates for essential home repairs, including roof and structural repairs resulting from water intrusion and deck damage, which the insurance company has only agreed to cover approximately one-fifth of, minus a $500 deductible. Additional repairs to the deck doors, walls, and interior remain pending further evaluation. The Debtor provides the following updates on her financial status:

- Debtor will receive $2,653.00 in February for January Social Security survivor benefits.

- Debtor continues to earn approximately $1,950 per month from Walmart, which is the maximum allowable income without reduction of her Social Security benefits.

- Debtor receives $500 per month in rental income from her son and has received no financial assistance from her sister since Mr. Staker's passing.

- Kevin Staker's pension benefits remain pending.

- Significant home repairs are ongoing, with insurance covering only a fraction.

These facts demonstrate that Debtor's financial situation remains strained despite the insurance proceeds.

## VI. Requested Relief

Debtor respectfully requests that this Court:

1. Deny the Trustee's Motion to Dismiss with Prejudice;

2. Deny the Trustee's Motion to Modify for insufficient evidence;

3. Hold that the Trustee has waived his right to file any further Motion to Dismiss and Motion to Modify based on these proceeds; and

4. Grant such other relief as the Court deems just and proper.

WANDA HARDING STAKER
BY COUNSEL

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
Conway Law Group, PC
1320 Central Park Blvd, Ste 200
Fredericksburg, VA 22401
855-848-3011
571-285-3334 (facsimile)
*Counsel for the Debtor*

CERTIFICATE OF SERVICE

I certify that on November 18, 2025 a copy of the foregoing was filed electronically

with the United States Bankruptcy Court for the Eastern District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF that have appeared in this case.

/s/ Martin C. Conway
Martin C. Conway