## UNITED STATES BANKRUPTCY COURT

### FOR THE

### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

In the Matter of:

| | |
|---|---|
| KEVIN BRUCE STAKER<br>[*DISMISSED*]<br>AND<br>WANDA HARDING STAKER<br><br>Debtor(s) | Chapter 13<br><br>Case No. 24-10444-BFK |

### AMENDED MOTION TO MODIFY CHAPTER 13 PLAN

Thomas P. Gorman, Chapter 13 Trustee, amends the filed Motion to Modify Plan

Payments (Dkt. No. 43); and states as follows:

1.  Debtors Kevin Bruce Staker and Wanda Harding Staker filed for Chapter 13 relief on

    March 11, 2024, filing at that time their Petition and completion Schedules/Statements

    (Dkt. No. 1) and Chapter 13 Plan (Dkt. No. 2).

2.  Chapter 13 Trustee filed an Objection to Confirmation of Chapter 13 Plan pursuant to 11

    U.S.C. §1322(b)(1) and 11 U.S.C. §1325(a)(4), respectively raising grounds of unfair

    discrimination and liquidation test (Dkt. No. 13).

3.  On April 25, 2024, Debtors filed Amended Schedules/Statements (Dkt. No. 16) in which

    they added approximately $12,384.73 of nonpriority unsecured claims, thereafter

    scheduling a sum nonpriority unsecured liabilities of $311,196.29 (Dkt. No. 16 at 22, ¶6i;

    *see* Dkt. No. 1 at 49, ¶6i).

Thomas P. Gorman
Chapter 13 Trustee
1414 Prince St., Ste. 202
Alexandria, VA 22314
 (703) 836-2226
VSB #26421

**Amended Motion to Modify Chapter 13 Plan**
Kevin Bruce Staker [*dismissed*] and Wanda Harding Staker
**Case # 24-10444-BFK**

4.  Debtors claimed an ownership interest of "Tenants by the entirety with common law right of survivorship" in the real estate known as "19 Wallace Farmes Ln" (Sch. A/B, Dkt. No. 1 at 9), and claimed exemptions of $50,000.00 plus $545,166.00 pursuant to Va. Code Ann. §34-4 and 11 U.S.C. §522(b)(3)(B), respectively (Sch. C, Dkt. No. 1 at 23).

5.  Additionally, Debtors scheduled two (2) life insurance policy interests with Protector Plus Universal Life for $2,439.77, and USAA Term Life Insurance for $0.00 (Sch. A/B, Dkt. No. 1 at 15, ¶31); and pursuant to Va. Code Ann. §§ 38.2-3339 they claimed exemptions in each life insurance for $2,439.77 and $0.00, respectively (Sch. C, Dkt. No. 1 at 29).

6.  After several Objections to Proofs of Claim, subsequent amended Proofs of Claim, and withdrawals of Objections to Proofs of Claim, Debtors' September 12, 2024 Amended/Modified Chapter 13 Plan (Dkt. No. 32) was confirmed by Order entered on October 18, 2024 (Dkt. No. 39). That Plan proposed total funding of $31,962.00 over a 60-month term with a 0% distribution to individual nonpriority unsecured claims and a 100% distribution to two (2) joint nonpriority unsecured claims. (Dkt. No. 32, ¶5.)

7.  On July 31, 2025, Debtors filed a Statement of Suggestion of Death of Kevin Bruce Staker (Dkt. No. 42).

8.  On August 14, 2025, Chapter 13 Trustee filed the Motion to Modify Chapter 13 Plan referenced above, noting that Kevin Bruce Staker had passed away on July 15, 2025, and alleging that Wanda Harding Staker (herein "surviving Debtor") anticipated an inheritance and life insurance proceeds of $56,250.00 from USAA and $44,825.48 from Beneficial Life. Given that the surviving Debtor's inheritance is property of the bankruptcy estate under 11 U.S.C. §1306(a) and affirmed by the Fourth Circuit Court of Appeals in

**Amended Motion to Modify Chapter 13 Plan**
Kevin Bruce Staker [*dismissed*] and Wanda Harding Staker
**Case # 24-10444-BFK**

*Caroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), the Debtor's inheritance should be turned over to Trustee for payment to creditors under the Plan and warrants modification under 11 U.S.C. §1329.

9. On August 18, 2025, surviving Debtor moved to dismissed Kevin Bruce Staker from this bankruptcy case (Dkt. No. 44). On September 24, 2025 that Motion to Dismiss was granted. (Dkt. No. 73.)

10. Kevin Bruce Staker's death on July 15, 2025 severed the "Tenants by the entirety" ownership interest he and surviving Debtor once enjoyed. *See In re Ballard*, 65 F.3d 367 (4th Cir. 1995) (Court held that death of one spouse in a joint bankruptcy case severs tenancy by the entirety ownership interest); *In re Murphy*, 474 F.3d 143 (4th Cir. 2007) (Court held that a Plan can be modified when a debtor's financial condition significantly improves).

11. Chapter 13 Trustee notes that Debtor had exempted $2,439.77 and $0.00, *supra* respectively, leaving the sum of $98,635.71 unexempt and as property of the bankruptcy estate pursuant to 11 U.S.C. §1306(a). *See Caroll v. Logan.*

12. On November 19, 2025 surviving Debtor filed an amend Schedules I and J (Dkt. No. 99), noting that her new budget moving forward is in the negative.

13. Surviving Debtor filed several Objections to Proofs of Claim on the grounds that "the debt was incurred by Kevin Bruce Staker individually" and "[he] passed away on July 15, 2025." (Dkt. No. 45, ¶3-4; Dkt. No. 46, ¶3-4; Dkt. No. 47, ¶3-4; Dkt. No. 48, ¶3-4; Dkt. No. 49, ¶3-4; Dkt. No. 50, ¶3-4; Dkt. No. 51, ¶3-4; Dkt. No. 53, ¶3-4; Dkt. No. 54 ¶3-4; Dkt. No. 55, ¶3-4; Dkt. No. 56, ¶3-4 ) The Objections to Proofs of Claim have been sustained and Orders disallowing Proofs of Claim have been entered by the Court. (Dkt.

**Amended Motion to Modify Chapter 13 Plan**
Kevin Bruce Staker [*dismissed*] and Wanda Harding Staker
**Case # 24-10444-BFK**

No. 74; Dkt. No. 75; Dkt. No. 76; Dkt. No. 77; Dkt. No. 78; Dkt. No. 100; Dkt. No. 101;

Dkt. No. 102; Dkt. No. 103; Dkt. No. 104; Dkt. No. 105.)

14. The severance of the "Tenancy by the entirety," surviving Debtor's unexempt

inheritance, and surviving Debtor's affirmative modification of the claimants in this case

warrants modification pursuant to 11 U.S.C. §1329.

WHEREFORE Trustee prays that surviving Debtor's Plan funding be increased in order

to provide for an increase percentage distribution to allowed claimants.

Date:   December 5, 2025                               /s/ Thomas P. Gorman
                                                      Thomas P. Gorman
                                                      Chapter 13 Trustee
                                                      1414 Prince St., Ste. 202
                                                      Alexandria, VA 22314
                                                      (703) 836-2226
                                                      VSB 26421


**CERTIFICATE OF SERVICE**

I hereby certify that I have this 5th day of December 2025, served via ECF to authorized users or mailed a true copy of the foregoing Amended Motion to Modify Chapter 13 Plan to the following parties.

Wanda Harding Staker                  Martin C. Conway
Chapter 13 Debtor(s)                  Attorney for Debtor(s)
19 Wallace Farms Ln.                  Conway Law Group, PC
Fredericksburg, VA 22406              1320 Central Park Blvd., #200
                                      Fredericksburg, VA 22401


                                       /s/ Thomas P. Gorman
                                      Thomas P. Gorman