UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

WANDA HARDING STAKER,

Debtor.

Case No. 24-10444-BFK
Chapter 13

**MEMORANDUM OPINION AND ORDER:
(A) GRANTING IN PART TRUSTEE'S AMENDED MOTION TO
MODIFY PLAN PAYMENTS; AND
(B) ORDERING SUPPLEMENTAL BRIEFING**

This matter comes before the Court on the Chapter 13 Trustee's Amended Motion to Modify Plan Payments. Docket No. 117. For the reasons stated below, the Court will grant the Trustee's Motion in part. The Court will also order supplemental briefing, as described below.

### FINDINGS OF FACT

The Court makes the following findings of fact.

*A.  Mr. and Ms. Staker File for Bankruptcy.*

1.  On March 11, 2024, Kevin Bruce Staker and Wanda Harding Staker filed a joint Voluntary Petition under Chapter 13 with this Court. Docket No. 1.

2.  The Stakers owned their home at 19 Wallace Farms Lane Fredericksburg, VA 22406 ("the Property"), as tenants by the entirety. *Id*. Schedules A/B.

3.  The Debtors scheduled the Property with a value of $900,000.00, and secured debts in the amount of $282,081.00 and $30,753.00. *Id*. Schedules A/B, D.

4.  They exempted the Property from the claims of non-joint creditors. *Id*. Schedule C.[1]

5.  On October 18, 2024, the Court entered an Order confirming the Debtors' Amended Chapter 13 Plan. Docket Nos. 39, 32.

6.  The confirmed Plan required the Debtors to pay $532.70 for 60 months, for a total of $31,962.00, and a distribution to unsecured creditors of zero percent (0%). *Id*. at ¶¶ 2, 5(A).

B.  *Mr. Staker Passes Away.*

7.  On July 31, 2025, Ms. Staker filed a Suggestion of Death stating that Mr. Staker passed away on July 15, 2025.

8.  On August 18, 2025, Ms. Staker filed a Motion to Dismiss the case as to Mr. Staker only, which the Court granted. Docket Nos. 44, 73.

C.  *The Claim Objections.*

9.  The Debtors objected to a number of Proofs of Claim on the grounds that the debts were the individual obligations of one Debtor or the other, and were not joint debts. Docket Nos. 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56.[2]

10.  The Court sustained all of these Objections. Docket Nos. 74, 75, 76, 77, 78, 100, 101, 102, 103, 104, 105.

11.  Based upon the Debtors' objections filed with the Court, the debts alleged in Proofs of Claim Nos. 1, 4, 6, 10, 15, 17, 18, 20, 21, 22, and 23, were incurred individually by Mr. Staker. In two such cases (Proofs of Claim Nos. 6 and 10) the debts were incurred by Mr. Staker and an entity identified as "Agincourt Trading, LLC."[3]

---

[1] Virginia is an "opt-out State," under which exemptions are determined under state law. Va. Code §34-3.1.
[2] Docket Nos. 51, 53, 54, 55, and 56 were amended at Docket Nos. 89, 92, 91, 87, and 90, respectively.
[3] Although the Debtors objected to Claim No.13 (Docket No. 52) ($5,278.80, incurred individually by Mr. Staker), Creditor U.S. Bank withdrew its claim (Docket No. 71), obviating the need for an order sustaining the objection.

D.   *The Trustee's Motions to Modify.*

12.   On August 14, 2025, the Trustee filed a Motion to Modify Payments pursuant to Bankruptcy Code Section 1329. Docket No. 43. The Trustee argued that two life insurance policies, which the Debtors listed and exempted in their original Schedules (Docket No. 1, Schedules A/B and C), were now property of the estate pursuant to the Fourth Circuit's Opinion in *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013).

13.   On December 5, 2025, the Trustee filed an Amended Motion to Modify the Debtors' Chapter 13 Plan. Docket No. 117. In his Amended Motion the Trustee argued: (a) that the life insurance policies should be included in the estate (which the Court overruled on a procedural ground, *See* n.4, *infra*); and (b) that the Property was no longer exempt as tenants by the entirety. *Id*.

14.   At the hearing on December 18, 2025, the Court heard argument on the Trustee's amended Motion to Modify the Debtor's Chapter 13 Plan (Docket No. 117) as well as the Trustee's Motion to Dismiss (Docket No. 95). With regard to the Motion to Dismiss, the Court denied the motion with respect to the two insurance policies because the Trustee did not object to the Debtors' claim of exemptions within 30 days after the conclusion of the meeting of creditors. Docket No. 121. Bankruptcy Rule 4003(b)(1); *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44 (1992). Because the Motion to Dismiss was predicated upon the same argument as the Amended Motion to Modify Plan Payments regarding the life insurance policies, the Court's denial of the Motion to Dismiss makes it unnecessary for the Court to address the same argument here.[4]

---

[4] The Trustee's objection to the Debtors' claim of exemption of the insurance policies was that they were not group life policies, and therefore the exemption was not proper under Va. Code § 38.2-3339. This objection could have been raised within thirty (30) days of the conclusion of the meeting of creditors. The Debtors' claim of exemption with respect to the Property as tenants by the entirety was unobjectionable at the time because it was in fact held as tenants by the entirety until Mr. Staker passed away.

3

15.     The Court took under advisement the portion of the Trustee's Amended Motion to Modify relating to the Property.

### CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (B) (exemptions from property of the estate), and (L) (confirmations of plans).

I.      **Section 1329 Plan Modifications.**

Bankruptcy Code Section 1329(a) provides that, at any time after confirmation of a plan but before completion of the debtor's plan payments, the plan may be modified upon request of the debtor, the trustee or an unsecured creditor. 11 U.S.C. § 1329(a). In *Murphy v. O'Donnell (In re Murphy),* the Fourth Circuit held that plan modifications require a showing that changes to a debtor's financial circumstances must be "substantial and unanticipated." 474 F.3d 143, 150 (4th Cir. 2007). *See also, Martinez v. Gorman*, 607 F. Supp. 3d 680, 685–86 (E.D. Va. 2022) (holding that "modest savings" from a refinancing did not meet the substantiality test, and suggesting that a 50% benchmark for increases to disposable income would be substantial).

No one disputes that the death of Mr. Staker was unanticipated. The question for purposes of a Section 1329 modification is whether the change in Ms. Staker's financial circumstances have been substantial. At first glance, it would appear that they are substantial. The Debtors listed the Property in their Schedules at a value of $900,000.00, with secured debts in the amount of $282,081.00 and $30,753.00. Even factoring in selling costs for purposes of the liquidation test (11 U.S.C. § 1325(a)(4)), there is approximately $500,000.00 in equity in the Property. The Property was exempted (properly), and the confirmed Plan called for a zero percent (0%)

4

distribution to the unsecured creditors. This change in circumstances appears to be quite substantial.

The issue of substantiality, however, is clouded by two related issues: (a) whether the Property is now property of the estate pursuant to Section 1306(a), discussed in Part II, *infra*; and (b) assuming that the answer to that question is in the affirmative, whether in the unique circumstances of this case, the change can be described as substantial, discussed in Part III, *infra*.

### II. The Severance of the Entireties Estate.

In Virginia, property that is held as tenants by the entirety is exempt from the claims against individual spouses. *Williams v. Peyton (In re Williams)*, 104 F.3d 688 (4th Cir. 1997); *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981); *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985); *Vasilon v. Vasilon*, 66 S.E.2d 599 (Va. 1951). In *Vasilon*, the Virginia Supreme Court held:

> Upon the death of either spouse the whole of the estate by the entireties remains in the survivor. This is so not because he or she is vested with any new interest therein, but because in the first instance he or she took the entirety which, under the common law, was to remain in the survivor. *Lang v. Commissioner of Internal Revenue*, 289 U.S. 109, 53 S.Ct. 534, 77 L.ed. 1066; *Lux v. Hoff*, 47 Ill. 425, 95 Am.Dec. 502.

*Id.* at 602. *See also, Oliver v. Givens*, 129 S.E.2d 661 (Va. 1963) (proceeds of tenants by the entirety property remain exempt from claims of individual creditors).

The Debtor maintains that, once the Property was exempted from the bankruptcy estate, the property remained exempt pursuant to Section 522(c), which provides that property, once exempted, "is not liable during or after the case for any debt of the debtor that arose… before the commencement of the case." 11 U.S.C. § 522(c). As a corollary, the Debtor argues that under applicable non-bankruptcy law, her interest in the Property is unchanged because of the nature of tenants by the entireties property. The Trustee argues that the Property is now property of the bankruptcy estate under Section 1306(a)(1) of the Code, which provides that all property "that the

5

debtor acquires after the commencement of the case but before the case is closed, dismissed or converted," is included as property of the bankruptcy estate. 11 U.S.C. § 1306(a)(1). In support, the Trustee argues that Section 1306(a) is the more specific statute, and should take precedence over Section 522(c). There is surprisingly little case law on the issue in the Fourth Circuit, and no controlling authority. The Court will examine these arguments, below.

    A. *The Fourth Circuit Cases.*

The Court will examine four Fourth Circuit cases that may shed light on the issue. In 1995, the Fourth Circuit issued its opinion in *Fairfield v. United States (In re Ballard)*, 65 F.3d 367 (4th Cir. 1995). *In Ballard*, the debtors filed a joint Chapter 11 case. The property was sold during the case, and the debtors realized $43,000.00 in proceeds. The wife died during the course of the case, and the case later was converted to Chapter 7. The IRS argued that, as a priority creditor, all of the proceeds of the sale should be allocated to its tax claim. The Chapter 7 Trustee argued that the proceeds should be made available to pay joint claims. The Fourth Circuit agreed with the IRS, holding that "the proceeds derived from the sale of [the Debtors'] property held by tenancy in the entireties became the sole property of [the surviving spouse] upon the death of his wife…" *Id.* at 372. The proceeds, therefore, were to be made available to pay the IRS's unsecured priority claims "regardless of the joint or individual character of the claim." *Id.*[5]

The following year, the Fourth Circuit decided *Cordova v. Mayer (In re Cordova)*, 73 F.3d 38 (4th Cir. 1996). The *Cordova* case involved a Chapter 7 bankruptcy case of one spouse, with tenants by the entireties property. The husband and wife were divorced while the case was pending. The Fourth Circuit held that upon entry of the final decree of divorce, the property became non-

---

[5] The utility of the *Ballard* case in these circumstances is limited by the fact that the debtors in *Ballard* only claimed a general homestead exemption in the property and its proceeds, and did not claim the property exempt as tenants by the entireties. *See Ballard,* n.2 (Hall, J., dissenting).

6

exempt property of the estate under Bankruptcy Code Section 541(a)(5)(B), which brings property into the estate acquired within 180 days of the petition by virtue of a divorce settlement or divorce decree. The Fourth Circuit held that once the tenancy by the entireties features were extinguished, "so too was the rationale for exempting [the debtor's] fee simple interest from the bankruptcy estate." *Id.* at 41. [6]

The case of *Birney v. Smith (In re Birney)*, 200 F.3d 225 (4th Cir. 1999), involved a judgment creditor's post-bankruptcy effort to enforce a purported judgment lien against the debtor's property. The judgment debtor had filed for Chapter 7 bankruptcy, but his spouse did not. The debtor claimed the property as exempt, but his spouse died while the case was pending. The Debtor received his discharge, the Trustee filed a report of no distribution, and the case was closed. The Fourth Circuit held that the debtor did not acquire title to the property by "bequest, devise or inheritance," as required by Section 541(a)(5)(A), but by survivorship as a surviving co-tenant. The Forth Circuit held: "Termination of the exemption post-petition does not, by itself, bring property into the bankruptcy estate. . . . There must also be some applicable statutory mechanism by which the estate 'captures' the post-petition property." *Id*. at 228. There was, in the Fourth Circuit's opinion, "no statutory mechanism" to bring the property into the bankruptcy estate. *Id.*

Finally, the Court turns to the Fourth Circuit's opinion in *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013). *Carroll v. Logan* did not involve entireties property. Rather, the debtor inherited property from her mother during her Chapter 13 case, but outside of Section 541(a)(5)'s 180-day time limit. The Fourth Circuit held that, notwithstanding Section 541(a)(5)'s time limit, the

---

[6] The final decree of divorce in *Cordova* was entered approximately five months after the debtor filed her Chapter 7 petition. Had she delayed the entry of the final decree by another month, the severance of the entireties would have been out of Section 541(a)(5)'s 180-day time limit, and the property would have remained exempt.

7

inherited property was property of the bankruptcy estate under Section 1306(a), which it held to be the more specific statute. *Id.* at 152.

    B.   Bankruptcy Court Cases.

The Court turns to an examination of this Court's opinions touching on, or deciding, the issue. The case of *In re Bradby,* 455 B.R. 476 (Bankr. E.D. Va. 2011), is factually on point with this case. In *Bradby*, the debtors filed a joint Chapter 13 case and exempted their property as tenants by the entireties. The husband passed away shortly after the case was filed (before the meeting of creditors was held). The Trustee timely objected to the surviving debtor's claim of exemption in the property. Judge Huennekens, relying on the Fourth Circuit's opinion in *Birney*, held that the property remained exempt, noting: "Once the exemption has been claimed, the entirety exemption survives and continues to protect the property even when one spouse dies during or after the bankruptcy." *Id.* at 482. Relying on *Vasilon* (which noted that "the whole of the estate by the entireties remains in the survivor,") Judge Huennekens held that "[t]he Debtor's rights and interests in the Real Property did not change postpetition." *Id.* at 484.

More recently, Judge Phillips of this Court decided the case of *In re Braddy*, 668 B.R. 526 (Bankr. E.D. Va. 2025). The *Braddy* case did not involve tenants by the entireties property. Rather, the debtor's father added her to the title while she was in Chapter 13. The debtor's father later passed away. Judge Phillips held that the property was property of the estate pursuant to the Fourth Circuit's holding in *Caroll v. Logan*. Judge Phillips agreed with the undersigned's opinion in *In Re Ilyev*[7] that Chapter 13 debtors have a continuing duty to disclose unanticipated and substantial changes in their financial circumstances. 668 B.R. at 531. Judge Phillips held, however, that the debtor's change in financial circumstances was not substantial (an issue the Court addresses in Part

---

[7] 2022 Bankr. LEXIS 2046*, 2022 WL 2965029, (Bankr. E.D. Va. 2022).

8

III, *infra*), because the debtor's ability to pay was actually diminished as a factual matter by her acquisition of the property. *Id.* at 538.

   C.  Synthesis.

In *Ballard*, the Fourth Circuit held that the proceeds of the property became the sole property of the husband upon the wife's death, and therefore, were available to pay the priority claims without reference to whether they were joint claims. As noted above, however, the debtors in *Ballard* only used the homestead exemption, and not the entireties exemption. At best, *Ballard* is a neutral, and does not support either party's position in this case.

In *Cordova*, the Fourth Circuit specifically rejected the Debtor's argument that her property interest remained unchanged as a result of the death of her spouse—i.e., that she owned a fee simple interest before the divorce, and that she owned a fee simple interest after the divorce—as being an unduly restrictive view of Section 541(a). To the contrary, the Fourth Circuit held:

> [T]he definition of the term 'interest' as used in § 541(a) is significantly broader that that implied by [the debtor], we conclude that [the debtor's] sole ownership of a fee simple interest is a separate property interest distinct from the tenancy-by-the-entirety interest that she previously held. The interests are distinct because of the greater variety of rights vested in [the debtor] as the sole owner of the property.

*Id.* at 42. In this case, Ms. Staker gained full rights of ownership in the property, including the right to encumber or convey the Property without limitation. The Court, therefore, rejects the Debtor's argument in this case that she gained nothing of substance by virtue of her husband's death.

At first blush, the *Birney* case would appear to support the Debtor's position. *Birney* is distinguishable, however, because it was a Chapter 7 case and Section 1306(a) does not apply in Chapter 7. The Fourth Circuit noted: "Termination of the exemption post-petition does not, by itself, bring the property into the bankruptcy estate…. There must also be some applicable statutory mechanism by which the estate 'captures" the property." 200 F.3d, at 228 (citations omitted).

9

Section 1306(a) is precisely the applicable statutory mechanism that can bring the property back into the bankruptcy estate, as the Fourth Circuit later held in *Carroll v. Logan*.

In *Carroll v. Logan*, the Fourth Circuit held that Section 1306 brought property into the bankruptcy estate notwithstanding Section 541(a)(5)'s 180-day time limit for property acquired post-petition by bequest, devise or inheritance. The Fourth Circuit held that "Section 1306(a) is specific to Chapter 13 bankruptcies and defines estates solely for purposes of that reorganization chapter. Section 541, by contrast, is a general provision that provides generic contours for bankruptcy estates." 735 F.3d, at 152. This strongly supports the Trustee's argument in this case that Section 1306(a) is the more specific statute, and therefore, should control over Section 522(c)'s more general provisions, which applies under every Chapter, as does Section 541(a).

Finally, Judge Huennekens' opinion in *Bradby* supports the Debtor's position. *Bradby* relied heavily on *Birney*. *Birney*, as noted, was a Chapter 7 case, not a Chapter 13 case, in which Section 1306(a) did not apply. The Fourth Circuit in *Birney* specifically held that there was no statutory mechanism to bring the property into the estate. Further, Judge Huennekens' opinion in *Bradby* did not cite the *Cordova* case, which the Court finds to be more supportive of the Trustee's position. *Cordova*, as noted, found that the debtor gained valuable rights in the property when she was divorced. Judge Huennekens in *Bradby* held that "[t]he death of the Debtor's spouse following the Petition Date did not change the status of the Debtor's Real Property ownership interest as of the commencement of the case," which in the Court's view is not consistent with the holding in *Cordova*. The *Bradby* opinion also pre-dated *Carroll v. Logan* by two years, so Judge Huennekens did not have the benefit of the Fourth Circuit's opinion in *Carroll v. Logan*. The Court, therefore, will part ways with its respected colleague on this issue.

On balance, the Court holds that *Cordova*, which held that gaining full ownership rights in former tenants by the entirety property was a meaningful change, and *Carroll v. Logan*, which held that Section 1306(a) is the more specific statute, compel the conclusion that Ms. Staker's Property is no longer exempt.

The Court, therefore, will grant the Trustee's Motion in part.

### III.  The Court Will Require Supplemental Briefing.

The Court returns to the question of "substantiality" under Section 1329 and *In re Murphy*. Whether a change in financial condition is significant enough to be considered substantial depends on the facts and circumstances of each case. *Martinez v. Gorman (In re Martinez),* 2022 WL 2165994 (E.D. Va. 2022) (holding that $300.00 per month in savings as a result of a mortgage refinance was not substantial); *Goodman v. Gorman (In re Goodman),* 534 B.R. 656 (E.D. Va. 2015) (inheritance of $36,000.00 was substantial); *In re Ilyev,* 2022 WL 2965029, 2022 Bankr. LEXIS 2046\* (Bankr. E.D. Va. 2022) (savings of $1,625.00 per month for eighteen months as a result of a COVID mortgage forbearance—where the debtor was not unemployed at any point in the case—represented a substantial change in circumstances).

In this case, the Court disallowed a series of claims on the ground that they were claims against Mr. Staker only, and not against Ms. Staker. Docket Nos. 74, 75, 76, 77, 78, 100, 101, 102, 103, 104, 105. Further, the Court dismissed Mr. Staker (or more accurately, his estate) from the case. Docket No. 73. It is not clear to the Court whether, given the remaining claims in the case against Ms. Staker, that the change in circumstances would be substantial. Stated differently, it is not clear to the Court, now that the Property is solely titled in Ms. Staker, Mr. Staker has been dismissed a co-debtor, and the Court has disallowed all of the foregoing claims as against Ms. Staker individually, that it would be proper to charge Ms. Staker's property with liabilities that

11

were exclusively those of her husband. If, for example, Ms. Staker had filed for bankruptcy alone, and had owned the Property in her own name, the Property would not have been available to pay debts that were solely her husband's obligations. *See* Va. Code §§ 55.1-200, *et seq*. (Virginia Married Woman's Property Act).

The Court, therefore, will require supplemental briefing on the following issue: given the procedural posture of this case, has Ms. Staker's change in financial circumstances been substantial for purposes of Section 1329? The Court further will set the matter for argument on one of its regularly scheduled Chapter 13 dates.

## Conclusion

It is therefore **ORDERED**:

1. The Trustee's Motion is **GRANTED in part**. The Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a).

2. The Court will require supplemental briefing, as described above. Both parties shall file a Supplemental Memorandum of Law on the issue described above by **Thursday, March 12, 2026.**

3. The Court will set the matter for further argument on **March 19, 2026, at 1:30 p.m.**, in Courtroom I of the United States Bankruptcy Court for the Eastern District of Virginia, located at 200 S. Washington Street, Alexandria Virginia, 22314.

4. The Clerk will mail copies of this Order, or will provide CM-ECF notice of its entry, to the parties below.

Date: Feb 4 2026

Alexandria, Virginia

Copies to:

/s/ Brian F Kenney

HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Feb 5 2026

Wanda Harding Staker
19 Wallace Farms Ln
Fredericksburg, VA 22406
*Chapter 13 Debtor*

Martin C. Conway
Conway Law Group, PC
1320 Central Park Blvd
#200
Fredericksburg, VA 22401
*Counsel for Chapter 13 Debtor*

Thomas P. Gorman
1414 Prince St.,
Suite 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Mathew W. Cheney
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee*

13