**UNITED STATES BANKRUPTCY COURT**

**FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In the Matter of:

WANDA HARDING STAKER

Debtor.

Chapter 13
Case No. 24-10444-BFK

**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF TRUSTEE'S MOTION TO MODIFY CHAPTER 13 PLAN**

COMES NOW Thomas P. Gorman, Chapter 13 Trustee (herein, "Trustee") in response to this Court's February 5, 2026, Memorandum Opinion and Order (Dkt. #123) directing parties to file a Supplemental Memorandum of Law in support of their positions, and states the following:

**I.     ISSUES PRESENTED**

Whether Debtor's change in circumstances—post-petition acquisition of a fee simple ownership in real estate interest—is "substantial" such as to merit a modification of the Chapter 13 Plan pursuant to 11 U.S.C. §1329?

**II.    STATEMENT OF THE CASE**

Trustee asserts that the post-petition acquisition of a fee simple ownership interest in real estate represents a substantial and material change, at least in connection with this case, and warrants a Plan modification requiring a 100% distribution to all of Debtor's creditors in order to meet the "best interest of creditors" standard otherwise Debtor's non-joint creditors will receive very little under the previously confirmed Plan.[1]

---

[1] The confirmed Plan advertised a 0% distribution to non-joint creditors, but those creditors will in fact receive approximately $320.49, which is less than 0.50%.

1

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

### III.    FACTS AND PROCEDURAL HISTORY

On March 11, 2024, Kevin Bruce Staker and Wanda Harding Staker filed for Chapter 13 relief (Dkt. #1). They owned real property, 19 Wallace Lane, Fredericksburg, VA 22406 (herein "the Property"), as tenants by the entirety (*Id.* at 9, Sch. A/B), scheduling the Property's value to be $900,000.00, with secured debts of $282,081.00 owed to Shellpoint Mortgage[2] and $30,753.00 owed to Northwest Federal Cr.[3] (*Id.* and at 31, Sch. D). They exempted the equity in the Property pursuant to Va. Code Ann. §34-4 and 11 U.S.C. §522(b)(3)(B)[4], for $50,000.00 and $545,166.00 respectively. (Dkt. #1 at 21, Sch. C.) Their September 12, 2024 Amended/Modified Chapter 13 Plan, proposing to pay $532.70 for 60 months, for a total funding of $31,962.00 (Dkt. #32) was confirmed on October 18, 2024 (Dkt. #39, Order Confirming Plan). The confirmed Plan provided for **0%** distribution to non-joint general unsecured non-priority creditors and 100% distribution to joint liabilities, specifically Proofs of Claim Nos. 8 and 12[5]. (Dkt. 32 at 3, ¶5.)

Kevin Bruce Staker passed away on July 15, 2025 (Dkt. #42, Suggestion of Death) and Wanda Harding Staker (herein "Debtor") moved to dismiss Mr. Staker from this bankruptcy case (Dkt. #44, Motion to Dismiss as to Husband Debtor only). The Court granted the Debtor's motion on September 24, 2025 (Dkt. #73, Order Graning Motion to Dismiss).

---

[2] NewRez LLC d/b/a Shellpoint Mortgage Servicing filed Proof of Claim No. 25 in the sum of $279,885.62 with $0.00 owed in arrears.
[3] Northwest Federal Cr. filed Proof of Claim No. 5 in the sum of $30,685.16 with $0.00 owed in arrears.
[4] "Virginia is an 'opt-out State,' under which exemptions are determined under state law. Va. Code §34-3.1" (Dkt. #123 at 2, n1).
[5] The sum of Claim 8 (Quantum3 Group LLC) and Claim 12 (Wells Fargo Bank, N.A.) is $22,243.41.

2

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

Based upon the assertion that Mr. Staker individually incurred certain liabilities, Debtor objected to Proofs of Claim Nos. 1, 4, 6, 10, 13, 15, 17, 18, 20, 21, 22 and 23. By Orders entered at Docket Nos. 74, 75, 76, 77, 78, 100, 101, 102, 103 and 104 the Court sustained the Objections to Proofs of Claim.[6] The remaining allowed general unsecured non-priority claims—excluding joint liabilities of Proofs of Claim Nos. 8 and 12—are Debtor's non-joint liabilities at Proofs of Claim Nos. 2, 3, 7, 9, 11, 14, 16, 19 and 24.[7]

On December 5, 2025, Trustee filed an Amended Motion to Modify the Chapter 13 Plan to include the additional argument that the Property no longer enjoyed a tenancy by the entirety exemption and the Plan should be modified because of equity in the Property that Debtor now owns. (Dkt. #117.) In its Order (Dkt. #123 at 11), the Court held that

> *Cordova*, which held that gaining full ownership rights in former tenants by the entirety property was a meaningful change, and *Carroll v. Logan*, which held that Section 1306(a) is the more specific statute, compel the conclusion that Ms. Staker's Property is no longer exempt.

In the Court directed parties to file supplement memorandum of law on the question of "substantiality" pursuant to 11 U.S.C. §1329. (Dkt. #123.)

## IV.    PLAN PERFORMANCE AND ADMINISTRATION

Because the Property's equity was exempt, Debtor and her deceased husband proposed and confirmed a Chapter 13 Plan paying zero dollars to the non-joint general unsecured non-priority creditors while paying 100% of their joint liabilities, Proofs of Claim Nos. 8 and 12,

---

[6] "Although the Debtors objected to Claim No.13 (Docket No. 52) ($5,278.80, incurred individually by Mr. Staker), Creditor U.S. Bank withdrew its claim (Docket No. 71), obviating the need for an order sustaining the objection." (Dkt. #123 at 2, n3.)
[7] The sum of Debtor's non-joint allowed claims is $74,530.76.

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

specifically, in recognition of the fact that those joint creditors would have access to tenancy by

the entirety equity. The confirmed Plan was slated to perform as follows:

| | | | |
|---|---|---|---|
| **Total Receipts** | | **31,962.00** | |
| **Disbursements Required:** | | | |
| Attorney | 6,201.90 | | |
| Unsecured (non-joint) | 0.00 | $193,734.96 | at 0% |
| Claim Nos. 8 and 12 | 22,243.41 | $22,243.41 | at 100% |
| Trustee (10%) | 3,196.20 | | |
| **Total Disbursement** | | **31, 641.51** | |

Debtor has continued to make the scheduled Plan payment in the amount of $532.70 and

is current through February 2026. Trustee has received the sum of $12,252.10 through February

2026, and $494.76 are presently on-hand. The bankruptcy estate distribution has been as follows:

| Claimant | Claim | Paid | Balance |
|---|---|---|---|
| Attorney | 6,201.90 | 6,201.90 | 0.00 |
| Unsecured[8] (non-joint) | 0.00 | 0.00 | (see note 6) |
| Claim Nos. 8 and 12 (joint) | 22,243.41 | 4,772.41 | 17,471.00 |
| Trustee (at 10%) | 3,196.20 | 783.03 | |
| **Total** | **$ 31,641.51** | **$ 11,757.34** | |

## V. ARGUMENT

The equity in Debtor's post-petition acquired fee simple ownership interest in the

Property is a substantial and material change in circumstance that merits a modification of the

Chapter 13 Plan funding pursuant to 11 U.S.C. §1329. *In re Murphy*, 474 F.3d 143 (4th Cir.

2007) (the Court of Appeals held that a Plan can be modified when a debtor's financial condition

significantly improves); *Martinez v. Gorman* (*In re Martinez*), 607 F. Supp. 3d 680, 685-86 and

---

[8] Excluding Claim Nos. 8 and 12 because they are treated as joint liabilities, the sum of allowed "Unsecured" non-joint creditors has two balances: (a) at time of confirmation it totaled $193,734.96; (b) now, after several claims have been disallowed, it totals $74,530.76.

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

n2 (E.D. Va. 2002) (holding that "modest savings" from a refinancing did not meet the substantiality test, suggesting that a 50% benchmark for increases to be disposable income would be substantial, and that consideration be given to the impact of real estate on that financial condition); *Goodman v. Gorman*, 534 B.R. 656 (E.D. Va. 2015) (the Court held that $36,000.00 inheritance was substantial, rejecting debtor's argument that the increased living expenses required that debtor retain the inheritance); *In re Ilyev*, Case No. 14-12987-KHK (Bankr. E.D. Va. July 26, 2022) (the Court held that an employed debtor enjoying a $1,625.00 per month COVID mortgage forbearance for eighteen months had a substantial change in circumstances requiring a modification of the Chapter 13 Plan); *In re Swain*, 509 B.R. 22, 34 (Bankr. E.D. Va. 2014) (in granting the motion to modify the plan, the Court applied the best interest of creditors standard, in addition to having considered good faith and feasibility).

At the time of Debtor's filing, on March 11, 2024, for Chapter 13 relief she and her now deceased husband—formerly a joint-debtor in this case—held a tenancy by the entirety ownership interest in the Property, which ownership interest allowed them to exempt the equity from their non-joint liabilities. *Pitts v. U.S.*, 408 S.E.2d 901, 242 Va. 254, 259 (1991) (noting that "the estate was immune from levy by a creditor of one of the co-tenants") (citing *Allen v. Parkey*, 154 Va. 739, 746, 149 S.E. 615, 618 (1929), aff'd, 154 Va. 739, 154 S.E. 919 (1930)).

Because Debtor now has a fee simple ownership interest in the Property and is limited to her individual exemption(s), and assuming a 10% cost of sale, under a "best interest of creditors" standard calculation, the Property's equity is available for levy and collection. *See* Va. Code Ann. §8.01-458 ("every judgment for money rendered in this Commonwealth by any state or federal court…shall be a lien on all the real estate of or to which the defendant in the judgment is

5

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien

docket".)

Trustee avers that the "best interest of creditors" test avails $401,179.22 of equity for

payment of Debtor's liabilities:

| Amount | Description |
|---|---|
| 900,000.00 | FMV real estate sale price (Sch. A/B 03/11/24) |
| 90,000.00 | 10% Cost of Sale |
| 310,570.78 | Mortgage balances (Proofs of Claim Nos. 5 and 25) |
| 50,000.00 | Exemption (Va. Code. Ann. §34-4 as "the principal residence") |
| **449,429.22** | **Gross before Ch. 7 Trustee's Commission** |
| | |
| 1,250.00 | 25% of first $5,000.00 (11 U.S.C. 326(a)) |
| 4,500.00 | 10% of balance between $5,000.00 and $50,000.00 (11 U.S.C.326(a)) |
| 42,500.00 | 5% of balance between $50,000.00 and $1,000,000.00 (11 U.S.C.326(a)) |
| | 3% of balance in excess of $1,000,000.00 (11 U.S.C.326(a)) |
| **401,179.22** | **Available to unsecured claims in Ch. 7** |

Having acquired $401,179.22 during the pendency of her bankruptcy case, Debtor's

confirmed Plan pays zero extra dollars to her creditors whilst increasing her individual liabilities

from $74,530.76 to $96,774.14 with the addition of the formerly solely joint debt total of

$22,243.41—of which unpaid balance is $17,471.00.

Trustee avers that a fair application of standards of good faith against alienation and

discrimination to her unsecured creditors in a "best interest of creditors" analysis, mandates

Debtor pay her now wholly individual liabilities:

| Claimant | Claim | Paid | Balance |
|---|---|---|---|
| Attorney | 6,201.90 | 6,201.90 | 0.00 |
| Unsecured (non-joint) | 74,530.76 | 0.00 | 74,530.76 |
| Claim Nos. 8 and 12 (joint) | 22,243.41 | 4,772.41 | 17,471.00 |
| Trustee (at 10%) | 3,196.20 | 783.03 | 9,200.18 |
| | | | |
| **Total** | **$ 31,641.51** | **$ 11,757.34** | **101,201.94** |

6

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

The balance to pay off this bankruptcy case is a quarter of the monetary value Debtor

acquired post-petition. Debtor has the ability to pay 100% of these debts without discrimination

of her liabilities.[9]

## VI.    CONCLUSION

Debtor's fee simple ownership interest in the Property requires that she pay her

unsecured creditors 100% of amount due and owing.

Dated:         March 12, 2026                            Respectfully Submitted,

                                                                    /s/ Thomas P. Gorman
                                                                    Thomas P. Gorman
                                                                    VSB# 26421
                                                                    CHAPTER 13 TRUSTEE
                                                                    1414 Prince St., Ste. 202
                                                                    Alexandria, VA 22314
                                                                    Phone: (703) 836-2226
                                                                    Fax: (703) 836-8120
                                                                    E-mail: tgorman@chapter13alexva.com

                                                                    /s/ Marcelo R. Michel
                                                                    Marcelo R. Michel
                                                                    VSB# 47818
                                                                    OFFICE OF THE CHAPTER 13 TRUSTEE
                                                                    1414 Prince St., Ste. 202
                                                                    Alexandria, VA 22314
                                                                    Phone: (703) 836-2226
                                                                    Fax: (703) 836-8120
                                                                    E-mail: mmichel@chapter13alexva.com

                                                                    *Counsel to Trustee*

---

[9] Debtor filed an amended Schedule I and J on November 19, 2025 (Dkt. #99) that purports to show that her expenses exceed her income. That budget does not account for the considerable insurance proceeds Debtor has received.

**Supplemental Memorandum of Law**
Wanda Harding Staker
**Case No. 24-10444-BFK**

### VII.    CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of March, 2026, served via ECF authorized users or mailed a true copy of the foregoing Supplemental Memorandum of Law to the following parties:

Martin C. Conway
martinecf@conwaylegal.com
Kimberly Ann Kalisz
kimberly@conwaylegal.com
Attorneys for Debtor
Conway Law Group, PC
1320 Central Park Blvd., #200
Fredericksburg, VA 22401

_/s/ Marcelo R. Michel_
Marcelo R. Michel
VSB# 47818
OFFICE OF THE CHAPTER 13 TRUSTEE
1414 Prince St., Ste. 202
Alexandria, VA 22314
Phone: (703) 836-2226
Fax: (703) 836-8120
E-mail: mmichel@chapter13alexva.com

_Counsel to Trustee_

8